

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP76,765

### EX PARTE OMAR MILES WHITE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 03-CR-2990-B IN THE 117TH DISTRICT COURT
### FROM NUECES COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failure to comply with registration requirements and was sentenced to four years' imprisonment. He did not appeal his conviction.

Applicant contends his plea was involuntary because the sentence agreed to in the plea bargain and assessed by the trial court was not authorized by law. Applicant had pleaded guilty to a third-degree felony, but the proper offense level for his offense was a state jail felony. The trial

court has entered findings of fact and recommends granting relief, and the findings and recommendation are supported by the record provided to this Court.

Relief is therefore granted. The judgment in cause no. 03-CR-2990-B in the Judicial District Court of Nueces County is set aside, and Applicant is remanded to the custody of the sheriff of Nueces County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues. It appears Applicant is also serving a concurrent four-year sentence in a separate cause (no. 07-CR-2896) for a second failure to register conviction. If Applicant wishes to challenge the second conviction, he must file a separate application for a writ of habeas corpus regarding that conviction. *See* TEX. CODE CRIM. PROC. art 11.07 §§ 1-3.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: April 4, 2012
Do Not Publish